IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01301-BNB

CRAIG ROBLEDO-VALDEZ,

    Applicant,

v.

J. FALK, and
A. YOUNG,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Craig Robledo-Valdez, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Robledo-Valdez has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) claiming his constitutional rights have been violated. As relief he requests immediate release from prison, discharge of parole supervision, and correction of his sentence computation.

    The court must construe the application liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Robledo-Valdez will be ordered to file an amended application if he wishes to pursue his habeas corpus claims in this action.

    The application is deficient. First, the law is well-established that the only proper

respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Mr. Robledo-Valdez alleges that he is incarcerated at the Sterling Correctional Facility. Therefore, the proper Respondent is the warden of that facility.

The application also is deficient because Mr. Robledo-Valdez fails to provide a clear statement of the claims he is asserting. Mr. Robledo-Valdez asserts six claims for relief in the application, including some that raise multiple issues, along with a lengthy recitation of factual allegations that are not clearly relevant or linked to the claims being asserted. The claims raise various issues regarding the computation of his sentences, parole revocations and other parole issues, and the conditions of his confinement. Mr. Robledo-Valdez specifically alleges in claim one that he was arrested without cause for violating parole, apparently on December 19, 2013. He alleges in claim two that his Fourth Amendment rights were violated when his parole officer searched his room illegally and confiscated his cellphones. He also alleges in claim two that his parole officer told him "this is what you get for filing grievances and lawsuits." (ECF No. 1 at 5.) The third claim in the application is a due process claim in which Mr. Robledo-Valdez alleges he was held in jail for thirty days prior to a parole revocation hearing, he was denied adequate procedures at his parole revocation hearing, his good and earned time credits have not been calculated properly, and he completed his sentence in January 2013. Mr. Robledo-Valdez alleges in his fourth claim that he was subjected to cruel and unusual punishment as a result of excessive force. The fifth claim in the application is a double jeopardy claim in which Mr. Robledo-Valdez alleges his release

date and earned time credits have not been calculated properly because he completed his sentence in January 2013 and, after having his parole revoked twice for technicalities, he should have been released on parole again on May 15, 2014.  Mr. Robledo-Valdez finally claims that he has been denied due process because a parole revocation decision was upheld on appeal.

The court notes initially that Mr. Robledo-Valdez may not raise claim four, the excessive force claim, in this habeas corpus action because claim four challenges the conditions of his confinement and not the execution of his sentence.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to 28 U.S.C. § 2241 and conditions of confinement claims raised in civil rights actions).  Mr. Robledo-Valdez must raise the excessive force claim in a separate civil rights action if he wishes to pursue that claim in federal court.

With respect to the habeas corpus claims in the application, Mr. Robledo-Valdez's vague, conclusory, and disjointed factual allegations do not provide a clear statement of the specific claims he is asserting and do not demonstrate he is entitled to relief.  Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Robledo-Valdez "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action

pursuant to § 2241, Mr. Robledo-Valdez must provide specific factual allegations in support of the federal constitutional claims he is asserting.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Robledo-Valdez file an amended application that clarifies his claims in this action.  It is

FURTHER ORDERED that Mr. Robledo-Valdez shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Robledo-Valdez fails within the time allowed to file an amended application that clarifies his claims in this action, the action will be dismissed without further notice.

DATED June 3, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge