IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01301-BNB

CRAIG ROBLEDO-VALDEZ,

    Applicant,

v.

FALK, et al., and
SHAEFFER,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Craig Robledo-Valdez, has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 19). On August 6, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondents intend to raise either or both of those defenses in this action. On August 21, 2014, Respondents filed a Preliminary Response of the Defendants to Application for Writ of Habeas Corpus (ECF No. 24) arguing that the action should be dismissed for failure to exhaust state remedies. Respondent contends that Mr. Robledo-Valdez has not fairly presented his claims to the Colorado appellate courts in a petition for writ of habeas corpus or in any other state court proceeding. On September 5, 2014, Mr. Robledo-Valdez filed a document titled "Opening Brief" (ECF No. 26) in reply to the preliminary response.

The Court must construe the amended application and other papers filed by Mr. Robledo-Valdez liberally because he is not represented by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Robledo-Valdez initiated this action while he was a prisoner in the custody of the Colorado Department of Corrections following parole revocation proceedings.  According to documentation provided by Respondents with their preliminary response, the Colorado Board of Parole revoked Mr. Robledo-Valdez's parole for 150 days following a hearing on January 17, 2014.  (*See* ECF No. 24-3.)  Following a hearing on June 16, 2014, the Colorado Board of Parole rescinded Mr. Robledo-Valdez's release on parole and extended his mandatory release date an additional ninety days because of a prison disciplinary conviction.  (*See* ECF No. 24-5.)  Mr. Robledo-Valdez alleges in his "Opening Brief" that he again has been released on parole.

Mr. Robledo-Valdez asserts two claims in the amended application contending that the January 2014 parole revocation proceedings were sham proceedings because he was arrested unlawfully and subjected to an illegal search and because the charges underlying the parole revocation were false.  Mr. Robledo-Valdez also asserts a double jeopardy claim contending that any further incarceration violates his constitutional rights because he completed his sentence in January 2013 and he has not been given credit for time he spent in a Texas jail last year on a Colorado parole hold.  Mr. Robledo-Valdez finally claims that his parole revocation sentence illegally was extended in June 2014.  As relief Mr. Robledo-Valdez asks that his sentence be discharged.

Mr. Robledo-Valdez may not pursue his claims in federal court in a habeas

corpus action unless he has exhausted state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir.

1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Robledo-Valdez alleges in the amended application that he has exhausted state remedies by filing a parole appeal, numerous grievances, a state habeas action in the Jefferson County District Court, and a state action pursuant to Rule 106 of the Colorado Rules of Civil Procedure. Mr. Robledo-Valdez addresses the exhaustion issue in his "Opening Brief" as follows:

> It appears the [Respondents'] only argument is that I failed to exhaust state remedies. This is not entirely true. I tried filing with the Jefferson [C]ounty court as a CRCP 106. I also tried a habeas with Logan [C]ounty. The Court is well aware of the lengthy process involved in seeking relief from state courts and going through the Supreme Court of Colorado. Being that my constitutional rights were violated and that the [S]tate of Colorado itself was oppressing me and incarcerating me, it seemed more reasonable to bring this to the Federal court. My earned time credits were all wrong, my parole was unlawful, and the state courts have repeatedly shot me down. This court has full jurisdiction to hear the case and make a determination, especially considering I am from Texas, I am not a resident of Colorado. This case concerns my unlawful extradition as well as my unlawful reincarceration.

(ECF No. 26 at 1.)

The Court is not persuaded that Mr. Robledo-Valdez has satisfied his burden of showing he has exhausted state remedies. He fails to demonstrate that he has fairly presented his claims to the Colorado Supreme Court or that no adequate state remedies are available. Furthermore, the documentation provided by Respondents with their preliminary response indicates that Mr. Robledo-Valdez has not fairly presented

any of his claims in this action to the Colorado Supreme Court. Therefore, the action will be dismissed for failure to exhaust state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 19) is denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  17th  day of    September   , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court